## THE STATE OF IOWA v. WATROUS.

1. WILLFUL TRESPASS: INDICTMENT. In an indictment for willful trespass in cutting down and destroying timber on the land of another, one statement of the venue is sufficient; and when it is averred as being upon the land of a certain person named, and described by section, township and range, omitting its situation with reference to the nearest meridian line, it is sufficient if the county in which it is situated is set out.

2. SAME. An indictment is sufficient when the offense is charged with such certainty, and in such manner, as to enable a person of common understanding to know what was intended, and the court to pronounce judgment according to the law of the case.

3. SAME. In an indictment for willful trespass by cutting down and destroying timber, it is sufficient to allege that the injury was done by cutting down and destroying, without being more specific.

4. SAME: CHARGES IN DIFFERENT FORMS. An indictment may charge an offense in different forms, to meet the testimony; and if it may have been committed in different modes or by different means, these may be alleged in the alternative; but in charging an offense in different forms, the pleader is not compelled to use the alternative form of expression.

The State of Iowa v. Watrous.

5. DEED AS EVIDENCE. In the trial of an indictment for willful trespass by cutting down and destroying timber in which the meridian of the land injured was not named, a deed in which the meridian was named was not held inadmissible for that reason.

6. WILLFUL TRESPASS: EVIDENCE. In the trial of an indictment for willful trespass in cutting down and destroying timber, evidence of the value of the timber destroyed is admissible.

7. NOTICE OF INTRODUCTION OF WITNESS. The defendant in a criminal cause who has accepted the service of a notice that a witness not named in the indictment will be introduced on the trial, and who has agreed to treat such notice as personally served, cannot object that it was not signed by the district attorney.

8. INSTRUCTIONS: PRACTICE. Instructions which are not signed by the judge, nor filed with the clerk, and which are not marked either " given" or "refused" will not be considered by the Supreme Court.

9. JUDGMENT ON VERDICT WITHIN THREE DAYS: PRACTICE. When the record shows that a judgment was rendered upon a verdict in a criminal cause in less than three days after the verdict was returned by the jury, and that the court continued in session for more than that time, the Supreme Court will, unless all presumptions of prejudice are clearly rebutted, remand the cause, not for a new trial, but for another judgment.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 25.

THIS indictment contains two counts. The first accuses the defendant of the crime of willful trespass, by cutting down and destroying timber and wood on the land of another, for that he did on, &c., in the county of Polk, &c., unlawfully and willfully cut down and destroy timber and wood standing and growing on the land of one William C. Allen, to wit: the N. E. quarter, &c. The second is like the first, except that the charge is for carrying away timber and wood, being upon the land of the said Allen, &c.

Trial, and verdict of guilty on both counts, and defendant appeals.

*Phillips & Phillips* for the appellant.

· I. The indictment is under § 4324 of the Revision of 1860. This statute does not describe the offense in detail, and it is not sufficient to employ the words of the statute alone in an amendment. The offense must be described with the particularity required by common law. *The State* v. *Jackson et al.*, 7 Ind., 270; *King* v. *Mason*, 2 T. R., 581.

II. The record does not show that the District Court of Polk county, had any jurisdiction of the supposed offense. The indictment does not in any manner fix the locality of the land described in the indictment; nor does it show that the lands are in the State of Iowa, except by implication from the allegation, "that the defendant in the county of Polk committed a trespass." *Ensign* v. *Shurman*, 13 How. Pr. R., 37; *McMurry* v. *Gifford*, 5 P. R., 14; *The State* v. *Williams*, 4 Ind., 234; 1 Chit. Cr. L., 298.

III. An indictment for malicious mischief must state clearly and directly to whom the property belonged, and this is not to be taken by implication. *Read* v. *The State*, 1 Ind., 511, cited and approved, 7 Ind., 157; *The State* v. *Jackson*, Id., 270. It must also show the specific injury done the property. *The State* v. *Aydelott*, 7 Blackf., 157; and the amount of such injury, *The State* v. *Pendon*, 2 Id., 371.

IV. The indictment was bad in alleging the same offense in two counts or statements, showing that the same offense was committed by different modes and by different means, and did not allege those modes and means in the *alternative*, as provided by § 4654, Revision of 1860.

· V. The record shows that the verdict was returned and judgment was rendered on the same day. Revision of 1860, § 4862.

*C. C. Nourse,* Attorney General, for the State.

I. The cases cited by counsel for appellant in support of the first proposition, arose under a statute in which the offense is described as "malicious trespass." Our statute sets out the very manner of the offense, as cutting down and carrying away timber.

· II. The court will take judicial notice of the legal subdivision of lands and of government surveys. *Wright* v. *Phillips,* 2 G. Greene, 191; Rev., 1860, § 4661.

III. The same particularity is not required in an indictment for a misdemeanor, and the words "then and there" are not necessary after the venue is once properly laid. Rev., 1860, § 4659, pt. 3; § 4660, pt. 1.

IV. The indictment alleges that the trespass was upon "the lands of Wm. C. Allen," and this was a sufficient allegation of ownership. Rev., 1860, §§ 4657, 4650, pt. 2; *Moyer* v. *The Commonwealth,* 7 Barr, 439, cited in note 2; Whart. Am. Cr. L., § 1989.

V. The case of *The State* v. *Pendon,* 2 Blackf., 371, was under a statute which provided that a fine "in twice the value of the property destroyed" should be the penalty. Hence the reason of the decision, which is not applicable under the statute of Iowa.

VI. The defendant was not prejudiced by the rendering of the judgment before the expiration of three clear days after the verdict. *The State of Iowa* v. *Marvin,* 12 Iowa, 499. At all events the cause can be remanded only for judgment on the verdict. No new trial will be awarded.

WRIGHT, J. — 1. That the venue is alleged with sufficient certainty in this indictment, we entertain no doubt. The place, as well as the time, is once stated, and need not, therefore, be afterwards alleged. (§ 4660.) From the language used, the mind can readily understand that the offense was committed within the jurisdiction of the District Court

of Polk county. The failure, in the description of the land, to locate it west of the fifth meridian, is of no importance, for aside from this the county is clearly stated, and we know that if in Polk county, it must be west of that line.

II. The statute provides that: "If any person willfully commit any trespass by cutting down or destroying any timber or wood standing or growing on the land of another, or by carrying away timber or wood being on such land, he shall be punished," &c. The language of this indictment is concise, and is sufficient to enable any person who will give it a fair and ordinary construction, to know that the timber destroyed was upon the land owned by William C. Allen. To say that it means anything else, or that it does not convey this thought to the mind, we should have to warp its meaning, and disregard the plain reading of the statute, for it is declared that if an offense is charged with such certainty and in such a manner as to enable a person of common understanding to know what was intended, and the court to pronounce judgment according to the law of the case, the indictment is sufficient. (§ 4659.) *State* v. *Hintermeister*, 1 Iowa, 101.

III. It was not necessary to more particularly state the specific injury to the property. The language of the statute is followed, and this is sufficient. Indeed, it is difficult to perceive how the pleader could have been more specific. When it is alleged that the timber was cut down and destroyed, the sum of all other injuries thereto is included. The statute of Indiana, under which *The State* v. *Pendon*, 2 Blackf., 371, was decided, fixed the punishment at a sum not exceeding twofold the value of the property destroyed, and hence the necessity of averring the value in the indictment. But the specific means made use of to effect the injury, need not be stated. *State* v. *Merrill*, 3 Blackf., 354. And see *State* v. *Seamans*, 1 G. Greene, 418; *Same* v. *Chambers*, 2 Id., 308; *Same* v. *Douglass*, 7 Iowa, 443.

IV. An indictment may charge an offense in different forms, to meet the testimony, and if it may have been com-mitted in different modes or by different means, these may be alleged in the alternative. (§ 4654.) In charging an offense in different forms, the pleader is not compelled to use the alternative form of expression. This indictment does not violate the requirements of the section referred to, but, on the contrary, is clearly sustainable by its letter and spirit, and the following cases: *State* v. *Abrahams*, 1 Iowa, 117; *Same* v. *Vaughn*, 5 Id., 369; *Same* v. *Walters*, Id., 507; *Same* v. *Cokely*, 4 Id., 477; *Same* v. *Twogood*, 7 Id., 252; *Same* v. *Barrett*, 8 Id., 536; *Same* v. *McPherson*, 9 Id., 53.

V. It was no valid objection to the evidence of title in Allen, that the "certified transcript of original entries" and deeds, described the land as being west of the 5th prin-cipal meridian. True, the indictment did not name the meridian, but such evidence does not conflict with the description given. And in this connection we remark, that evidence as to the value of the timber destroyed was admis-sible, if for no other purpose, to enable the court to fix the punishment. (§ 4875.)

VI. A witness was offered, who was not examined before the grand jury. Notice of the intention to introduce this testimony was given under § 4786 of the Revision. The witness was objected to, but upon what ground is not stated. It is now urged, however, that the notice was not served by the District Attorney. It seems that the notice was signed by "P. Gad Bryan, District Attorney for the 5th Judicial District, by S. V. White." Defendant accepted due and legal service of the same, and agreed to treat it as if personally served, on the day named. Under such cir-cumstances, the objection was untenable.

VII. It is claimed that the court erred in giving certain instructions. We find what purports to be instructions in

the transcript, but whether they were given or refused, does not appear. Upon this subject, see *State* v. *Gebhardt*, *ante*. In this instance, the instructions are not marked, either "given or refused," signed by the judge, nor filed with the clerk. They cannot be considered, therefore.

VIII. It is finally claimed that the judgment was pronounced within less than three clear days after the verdict was recorded. This question was made in the case of *The State* v. *Marvin*, 12 Iowa, 502. There, however, the record failed to show that the term continued three clear days after the rendition of the verdict, and we could not, therefore say, that there was error, in view of the provisions of the statute. (§ 4861.) In this case, the record tends to show that the court remained in session for about three weeks after the reception of the verdict. This is not controverted by the Attorney General, and is therefore regarded by us, for the purposes of this case, as true.

It seems that the defendant was arraigned for judgment more than six hours "after the bringing in of the verdict." But the statute is imperative, that, if the court remains in session so long, "the time appointed for judgment, must be at least three clear days after the verdict is recorded," but in no case can it be pronounced in less than six hours thereafter. (§ 4861.) Unless the record quite clearly rebuts all presumption of prejudice, we do not see how we are to disregard these plain requirements. The language of the statute is imperative. The reason for it, we can readily apprehend. With its wisdom, we have nothing to do. The presumption of prejudice is not sufficiently rebutted in this instance, and, we therefore, feel constrained to remand the cause, not for new trial, but for judgment upon the verdict, defendant having leave to show cause against the same, but not such as have already been passed upon by the court below.