## THE STATE v. STEVENS.

1. **Criminal Law:** PRACTICE: CONTINUANCE. Where the defendant in a criminal case enters a plea of guilty on the last day of the term, and the case is then continued without further proceedings, and with no objection to the continuance on the part of the defendant, it will be presumed that the court adjourned within less than six hours after the plea was entered.

2. ———: ———: TIME FOR PRONOUNCING JUDGMENT. The fact that no time was fixed for pronouncing judgment was not prejudicial error where the judgment was not pronounced until a succeeding term, more than a year after the plea was entered.

*Appeal from Montgomery District Court.*

THURSDAY, DECEMBER 6.

AT the November term, 1874, of the Montgomery District Court, the defendant was indicted for the crime of keeping a nuisance. He was afterward arrested upon a bench warrant,

and held to bail for his appearance, to answer to the indictment. The court again convened, on the 11th day of May, 1875, and continued in session until the 22d day of the same month.

On the last named day the following record entry was made in said cause:

"And now, on this day, defendant appeared by counsel, and files a plea of guilty to the offense charged in the indictment, and an affidavit in mitigation of sentence, and cause continued."

No further action was taken in said cause until the 17th day of November, 1876, at which time judgment was rendered, requiring the defendant to pay a fine of six hundred dollars, and costs. On the next day the defendant moved the court to set aside the judgment, upon the following grounds: That the plea of guilty was filed on the 22d day of May, 1875, at the May term of said court, and no judgment was pronounced at said term, although more than six hours elapsed · from the filing of said plea to the adjournment of said court; that the court did not at that time fix a time for pronouncing judgment; and judgment was entered without any order fixing the time when the same would be entered.

The motion to set aside the judgment was overruled. Defendant appeals.

*C. E. Richards*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

Rothrock, J.—I. Section 4496 of the Code provides that "upon a plea of guilty, upon a verdict of guilty or a special
1. CRIMINAL verdict, upon which a judgment of conviction
law: practice:
continuance. must be rendered, the court must fix a time for pronouncing judgment. The time appointed for pronouncing judgment must be at least three days after the verdict is rendered, if the court remain in session so long, or if not, as remote a time as can reasonably be allowed, but in no case can the judgment be pronounced in less than six hours after the verdict is rendered."

The plea of guilty in this case was filed on the last day of the term. The record does not disclose whether six hours

intervened between the filing of the plea and the final adjournment of the term. The record does show, however, that at the same time the plea was filed the cause was continued. As no objection was made to the continuance, the presumption must be that the court adjourned in less than six hours, and that the cause was continued for judgment by consent. Under these circumstances we think there was no error in failing to pronounce judgment at the term at which the plea was filed.

II. The object of the statute in requiring a time to be fixed for pronouncing judgment is that the defendant may be advised, in case of conviction, of the time allowed him to prepare an application for new trial, or motion in arrest of judgment, and in cases where there is a plea of guilty, that he may prepare a showing in mitigation of punishment.

2. ——: ——: time for pronouncing judgment.

That ample time for all proper purposes was given the defendant in this case will not be questioned. At the time he pleaded guilty he filed an affidavit in mitigation, and it is not claimed that the judgment was a surprise to him, or that he desired to make a further showing in mitigation.

We think the record before us rebuts all presumption of prejudice, if any arises from the failure to fix the time when judgment would be pronounced.

III. Whether a term of court was held after that at which the plea of guilty was filed and before the term at which judgment was pronounced does not appear from the record. In the absence of a showing that such term was held we will presume that judgment was entered at the next term after the plea and continuance.

                                                            AFFIRMED.