The State v. Ray.

THE STATE v. RAY.

1. **Venue:** CHANGE OF. An abuse of discretion must be shown, in a refusal to grant a change of venue on account of prejudice of the judge, to constitute error.

2. **Criminal Law:** BENCH WARRANT: JURISDICTION. When a defendant voluntarily appears and submits himself to the jurisdiction of the court, the issuance of a bench warrant is unnecessary.

3. ———: JUDGMENT. The failure to render judgment for the payment of a fine until the term after the one when the defendant was convicted, was *held* not to constitute error.

*Appeal from Decatur District Court.*

THURSDAY, APRIL 10.

THE defendant was convicted and sentenced for the crime of keeping a nuisance, and now appeals to this court.

Peel v. Peel.

*J. B. Morrison,* for appellant.

No appearance for the State.

ADAMS, J.—I. The defendant moved for a change of venue on account of the prejudice of the judge. The motion was refused, and the refusal is assigned as error. We can see no evidence of abuse of discretion, and without such evidence the refusal to grant the change is not a ground of reversal. *State v. Mewherter,* 46 Iowa, 88.

1. VENUE: change of.

II. The defendant was tried without the issuance of, a bench warrant. It is insisted by the defendant that the court did not acquire jurisdiction of his person; but we think it did, if he appeared and submitted himself to its jurisdiction, in which case the issuance of a bench warrant was unnecessary.

2. CRIMINAL law: bench warrant: jurisdiction.

III. The defendant was tried and convicted at the January Term, 1877. No judgment was rendered upon the verdict until the August Term of the same year, when he was adjudged to pay a fine of one hundred and fifty dollars. It is insisted that the court could not render judgment after the term, but our attention is called to no statute or decision which supports the position. We discover no error, and the judgment must be

3 ——: judgment.

AFFIRMED.