STATE OF IOWA, Appellee, v. JOHN RANEY, Appellant.

No. 39782.

OCTOBER 15, 1929.

*Howell, Howell & Howell*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

STEVENS, J.—On January 10, 1929, the county attorney of Appanoose County filed an information in the office of the clerk of the district court, charging the defendant, John Raney, with the establishment and maintenance of a liquor  nuisance. On the same day, the defendant was brought into court, arraigned, and pleaded guilty to the charge contained in the information. At this time, he waived the reading of the indictment, and stated to the court that he did not desire counsel. January 12th, at 9:30 A. M., was fixed by the court for sentence. At the time fixed, judgment was entered, imposing a fine of $300, and sentencing the defendant for a period of three months at hard labor in the county jail of Appanoose County. On the same day the judgment was entered, the defendant paid the fine in full, and on January 14th, served notice of appeal from that portion of the judgment sentencing him to a term of three months in the county jail.

Section 13951 of the Code of 1927 requires the court, upon

1240

a plea of guilty, or a verdict of a jury finding the defendant guilty, to fix a time for pronouncing judgment, which must be at least three days after the verdict is rendered, if the court remains in session so long, unless the defendant consents that judgment may be sooner entered. The record in this case does not show affirmatively that the defendant consented to have judgment entered against him within the three days fixed by the statute. It is further provided by the statute that judgment may be entered any time after six hours after the verdict is rendered, if the court shall not remain in session for three days.

The record in this case contains no competent proof that the court remained in session more than three days after the plea of guilty was entered. No motion to set aside the judgment was filed in the court below, nor was the alleged error of the court now complained of otherwise called to its attention.

The abstract contains a certificate or statement purporting to be signed by the clerk of the district court, to the effect that court was in session until March 2d. The certificate of the clerk is clearly incompetent for this purpose. It was not introduced in evidence, nor does it constitute a part of the record in the court below. The attorney-general, however, apparently concedes that the court did remain in session for more than three days after January 10th, and we shall dispose of the appeal on this assumption.

As has been repeatedly stated, the purpose of the statute which requires three clear days to intervene between a plea of guilty or the verdict of a jury before sentence is pronounced, is to afford the defendant ample time to prepare an application for a new trial. The statute, it is true, is mandatory in form, but strict compliance therewith may be waived by the defendant. In order, therefore, for this court to sustain the judgment, the record must rebut any presumption of prejudice. *State v. Marvin,* 12 Iowa 499; *State v. Watrous,* 13 Iowa 489; *State v. Stevens,* 47 Iowa 276; *State v. Usher,* 136 Iowa 606.

As stated, the defendant did not file a motion for a new trial. On the contrary, he immediately paid the fine assessed against him. Whether this would prevent him from appealing, we do not decide. On January 19, 1929, he submitted an application to the court for parole. The application was denied

on January 22d following. He evidently sought the only remedy he desired. Any presumption of prejudice against him on account of the error assigned is, we think, clearly and emphatically rebutted by the record. This is the only question argued.

The judgment is affirmed.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.