STATE of Iowa, Appellee,

v.

Zelpha Mae DRAKE, Appellant.

No. 60251.

Supreme Court of Iowa.

Nov. 23, 1977.

Robert W. Pratt, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Dan Johnston, County Atty., Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

This appeal presents the question whether a 23-month delay in resentencing, following our remand for that purpose, invalidates the tardy sentencing judgment and releases a convicted felon.

February 28, 1973, a county attorney's information was filed charging defendant with a violation of § 712.1, The Code (receiving and concealing stolen property).

May 25, 1973, following a jury verdict of guilty, defendant was sentenced to imprisonment in the Women's Reformatory for a term not to exceed five years. Defendant appealed.

December 18, 1974, we found trial court had denied probation because defendant had refused to plead guilty. As defendant thus was penalized for exercising her constitutional right to stand trial, we reversed and remanded for resentencing. *State v. Drake,* 224 N.W.2d 476 (Iowa 1974). Procedendo issued January 2, 1975.

November 5, 1976, a resentencing proceeding began pursuant to the State's September, 1976, application. The prosecutor sought permission to introduce testimony concerning defendant's criminal conduct, explaining:

"The evidence shows that the Defendant has continued her activities both before her original trial and afterwards, has never stopped; that when the case originally came down from the Supreme Court we did ask on—for sentencing; that I think I even talked to you [the court] a couple of times myself, but then the problem was we knew this was going on; that she was continually stealing clothing and committing other offenses and that it would have hampered our investigation if that time [sic] we had come forward * * *."

The hearing testimony disclosed the police were following defendant's activities through informants as early as April 8, 1974. From December of 1975 an investigation by Des Moines police and BCI agents was underway. In April, 1976, this culminated in issuance of search warrants for five businesses and houses. The following day six persons were arrested. An interstate theft and fencing ring was broken.

When the resentencing hearing concluded, defendant moved "to dismiss the charge" and "enter a judgment of acquittal and in arrest of the trial jury's verdict" on the grounds "she's been denied her Sixth Amendment rights to speedy trial, been denied due process * * *."

At defendant's request, the proceeding was continued until December 6, 1976. Trial court then overruled defendant's motion and sentenced her to serve five years at the Women's Reformatory. However, the court suspended sentence and granted probation on condition defendant enter the Des Moines halfway house for women, to remain there until she received maximum benefit, and thereafter she was to continue on probation for two years.

Defendant appeals on the sole ground the resentencing delay violated her sixth amendment speedy trial right.

I. We first isolate those issues not before us.

Section 789.2, The Code, provides:

"Upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, the court must fix a time for pronouncing judgment, which must be within a reasonable time but not less than eight days after the plea is entered or the verdict is rendered * * *."

There is no statutory sanction for trial court's failure to sentence within a "reasonable time." Defendant neither asserted below nor argues here that trial court simply lost its power to impose judgment by reason of delay. See *People v. Ruddell,* 46 Ill.2d 248, 249, 263 N.E.2d 48, 49 (1970); *People v. Allen,* 155 Ill. 61, 62–63, 39 N.E. 568, 568–569 (1895). We routinely remand for resentencing without regard for time lapse between the resulting judgment and the prior guilty plea or conviction. See *Brainard v. State,* 222 N.W.2d 711 (Iowa 1974) (three-year period); *State v. Wiese,* 201 N.W.2d 734 (Iowa 1972) (over two-year period). More pertinent, in *Wiese,* 201 N.W.2d at 737, we held a trial court does not exhaust its jurisdiction until a valid judgment is entered, citing *State v. Shilinsky,* 248 Iowa 596, 602–603, 81 N.W.2d 444, 449 (1957). See *Miller v. Aderhold,* 288 U.S. 206, 211, 53 S.Ct. 325, 326, 77 L.Ed. 702, 705–706 (1933); 21 Am.Jur.2d Criminal Law § 526, p. 509 (1965). Although this court held district courts in absence of statutory authority have no power to deliberately suspend pronouncement of sentence to a distant date and place defendant on probation, *State v. Wright,* 202 N.W.2d 72 (Iowa 1972), our court has never conceded delay in sentencing alone should result in freeing the convicted defendant. *State v. Ray,* 50 Iowa 520 (1879); *State v. Stevens,* 47 Iowa 276 (1877).

The second issue eliminated from our consideration—failure to accord defendant due process—was mentioned briefly in defendant's trial court motion, but was neither raised nor argued here. For cases asserting this ground see, e. g., *Lott v. United States,* 309 F.2d 115, 121–123 (1962), cert. den., 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963). *Erbe v. State,* 276 Md. 541, 561–564, 350 A.2d 640, 651–653 (1976), case below, 25 Md.App. 375, 386, 336 A.2d 129, 136 (1975). *Commonwealth v. Stewart,* 221 Pa.Super. 1, 7–8, 289 A.2d 126, 129 (1972); *State v. Lammert,* 14 Wash.App. 137, 141–142, 540 P.2d 466, 469 (1975).

II. Thus we reach as a matter of first impression in this court the sole proposition defendant relies on for reversal. She argues resentencing delay in this case violated her sixth amendment speedy trial right and entitled her to "a dismissal of the charge."

■ The State argues resentencing is not a part of trial within the meaning of the "right to a speedy * * * trial" guaranteed by the sixth amendment. For several reasons, we agree.

■ Applicability of this constitutional provision to the penalty phase of a prosecution should be determined with the words of the amendment interpreted in light of the purposes of its framers. See *United States v. Classic,* 313 U.S. 299, 317–318, 61 S.Ct. 1031, 1038–1039, 85 L.Ed. 1368, 1378–1379 (1941); 16 C.J.S. Constitutional Law § 68, p. 182 (1956).

We first examine those considerations the United States Supreme Court has identified as undergirding this right:

"This guarantee [sixth amendment speedy trial] is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself."

—*United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 630 (1966)

See *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 478 (1971); *State v. Allnutt,* 261 Iowa 897, 901, 156 N.W.2d 266, 268 (1968).

In *Barker v. Wingo,* 407 U.S. 514, 519–521, 92 S.Ct. 2182, 2186–2187, 33 L.Ed.2d 101, 110–112 (1972), the Supreme Court articulated additional societal disadvantages in pretrial delays. Few, if any, of these concepts apply in the delayed judgment situation. Pertinent is the following observation by the eighth circuit court in *Brooks v. United States,* 423 F.2d 1149, 1152–1153 (8th Cir. 1970), cert. den., 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111 (1971):

"Furthermore, the sensitive concerns which surround the necessity of a speedy trial on the merits of a case generally are

not applicable when the delay is between conviction and sentencing. There exists here no concern over 'oppressive incarceration' before trial, 'anxiety' over public accusation before trial, or any 'impairment' over the petitioner's ability to defend himself."

The same point was expressed aptly by the Maryland Court of Special Appeals in *Erbe v. State, supra,* 25 Md.App. at 386, 336 A.2d at 136, and approvingly quoted by the Court of Appeals of Maryland, 276 Md. at 555, 350 A.2d at 648:

"In addition, when the *Barker [v. Wingo]* court talked in terms of anxiety and concern of the accused, it was referring to a presumptively innocent defendant who must exist under a cloud of suspicion and uncertainty. * * * (citation) But when the defendant is found guilty his presumption of innocence dissipates. While he awaits sentencing he may still be under a cloud, but it is not a cloud of 'public accusation,' * * * but a cloud of public guilt generated by the finding beyond a reasonable doubt that he did commit the wrongs alleged. (citation) The major concerns of the speedy trial guarantee either do not apply after conviction or are of only speculative moment. Any real prejudice suffered by an individual as a result of an unreasonable delay in sentencing may be remedied under due process principles."

See *People v. Fritz,* 275 Cal.App.2d 866, ——, 80 Cal.Rptr. 506, 511 (1969); *State v. Lammert, supra,* 14 Wash.App. at 141–142, 540 P.2d at 469–470.

The confusion in identifying the constitutional safeguard applicable in these situations probably originated with *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Pollard, whose sentence was imposed two years after his guilty plea was entered, sought release on the ground, *inter alia,* the delay violated his speedy trial right. The court, after stating "[w]e will assume arguendo that sentence is part of the trial for purposes of the Sixth Amendment," nonetheless upheld the prison sentence.

The *assumption* made by the *Pollard* court solely for consideration of that case caused a number of trial courts to fall into lockstep. Their decisions adopted the same "assumption," (thus avoiding the question of applicability of the speedy trial guarantee) and then applied speedy trial criteria to deny the convicted person relief. See, e. g., *Brady v. Superintendent Anne Arundel Co. Det. Ctr.,* 443 F.2d 1307 (4th Cir. 1971) (eight-year delay); *Brooks v. United States, supra,* 423 F.2d 1149, cert. den., 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111 (1970) (ten-month delay); *United States v. Tortorello,* 391 F.2d 587 (2d Cir. 1968) (29-month delay); *Bolduc v. United States,* 363 F.2d 832 (5th Cir. 1966) (over 12-month delay); *United States v. Grabina,* 309 F.2d 783 (2d Cir. 1962), cert. den., 374 U.S. 836, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963) (24-month delay); *Kaye v. United States,* 235 F.2d 187 (6th Cir. 1956) (23-month delay).

The defendant before us relies on *United States v. Campbell,* 531 F.2d 1333 (5th Cir. 1976). Campbell asserted a four-year delay violated rule 32, F.R.Crim.P. ("Sentence shall be imposed without unreasonable delay"), his right to speedy trial, and his right to due process. Because "the factors to be considered with respect to each argument are essentially the same," 531 F.2d at 1335, the fifth circuit, after considering various facts, remanded to trial court to determine whether Campbell's allegations of prejudice were supported by any evidence. The *Campbell* court interpreted *Pollard* to hold "unreasonable delay in sentencing may constitute a violation of a defendant's Sixth Amendment right to a speedy trial." 531 F.2d at 1335. The Court of Appeals did not explain how it reached this conclusion under the *Pollard* language quoted above, or any other language of that decision.

A similar interpretation of *Pollard* is found in *Juarez-Casares v. United States,* 496 F.2d 190, 192 (5th Cir. 1974). But other circuits acknowledge "there is no definitive holding that the right to a speedy trial applies to the period between conviction and sentence." *Brady v. Superintendent Anne Arundel Co. Det. Ctr., supra,* 443 F.2d

at 1310; see *Brooks v. United States, supra,* 423 F.2d at 1151.

Generally, the definition of "trial" has been confined to that portion of the prosecution constituting an examination by a competent tribunal, according to the law of the jurisdiction, of the facts or law put in issue for the purpose of determining those issues. Ordinarily the trial ends with the verdict or other decision of the trier of fact. *State v. Cole,* 168 N.W.2d 37, 40–41 (Iowa 1969); *Bryant v. Mundorf,* 189 Iowa 882, 889, 179 N.W. 125, 128 (1920); *People v. Valdespino,* 15 Cal.App.3d 207, 212, 93 Cal. Rptr. 142, 145 (1971); *Witt v. State,* 197 Kan. 363, 369, 416 P.2d 717, 723 (1966); *Jeffries v. Municipal Court of City of Tulsa,* 536 P.2d 1313, 1316 (Okl.Cr.1975); *State v. Lagerquist,* 254 S.C. 501, 505, 176 S.E.2d 141, 142 (1970), cert. den., 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971); *Strong v. State,* 36 Wis.2d 324, 327, 152 N.W.2d 890, 892 (1967).

An overview of our criminal statutes and rules discloses the concept of "trial" has not included the sentencing procedure, nor will it under our new Iowa Rules of Criminal Procedure. For example, the "order of trial" does not include sentencing. § 780.5, The Code; rule 18(1)(a), Rules of Criminal Procedure. Our present statute describes a "new trial" as a "re-examination of the issue in the same court before another jury, after a verdict has been given." § 787.1, The Code. An application for new trial must be made before judgment (sentence) and may rest on the ground, *inter alia,* that defendant "has not received a fair and impartial trial." §§ 787.2 and 787.3(8), The Code; rule 23, R.Crim.P. Rule 23 does permit a defendant to move for new trial after judgment on the basis of newly discovered evidence, a trial-related ground. Rule 23(2)(a), (b)(8). Our statute defines a motion "in arrest of judgment" (which may be made before sentencing, § 788.2, The Code) to be an application to the court in which "the trial was had." § 788.1, The Code. Our conclusion "trial" does not include the sentencing procedure in this jurisdiction is supported further by language in *State v.*

*Sullivan,* 215 N.W.2d 491, 493 (Iowa 1974) and *State v. Deets,* 195 N.W.2d 118, 123 (Iowa 1972).

The sixth amendment refers to both "speedy trial" and the more inclusive term "criminal prosecutions." Although certain rights guaranteed by that amendment apply to the sentencing phase of a criminal prosecution (see *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); right to counsel) other provisions are not necessarily applicable. For example, a convicted defendant in a sentencing proceeding has no sixth amendment right "to be confronted with the witnesses against him." *State v. Cole, supra,* 168 N.W.2d at 41; *State v. Delano,* 161 N.W.2d 66, 70 (Iowa 1968); see *Gregg v. United States,* 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442, 446 (1969); *Specht v. Patterson,* 386 U.S. 605, 606, 87 S.Ct. 1209, 1210, 18 L.Ed.2d 326, 328–329 (1967). A sentencing court may consider facts outside of the record, *State v. Stakenberg,* 215 N.W.2d 265, 267 (Iowa 1974), including events subsequent to the crime for which sentence is to be pronounced. *State v. Summers,* 219 N.W.2d 26 (Iowa 1974). Nothing in the language of the sixth amendment implies the speedy trial right accorded the "accused" (as the beneficiary of the rights is referred to therein) extends to a convicted person's sentencing.

Finally, we deem it noteworthy the ABA "Standards Relating to Speedy Trial" (approved draft, 1968) make no mention of sentencing. Apparently the distinguished lawyers and jurists engaged in formulating the standards did not consider the sentencing procedure to be a part of trial.

We hold the sixth amendment right to speedy trial does not apply to the sentencing procedure, or to this delayed resentencing. Our determination disposes of the sole proposition defendant relied on for reversal in this appeal.

III. Our above holding should not be interpreted to mean a convicted person has no protection relating to sentencing and resentencing other than the remedy of cer-

tiorari or mandamus to obtain compliance with the time requirements of a statute or rule. The fundamental fairness concept of the due process clauses of amendment fourteen, United States Constitution, and article I, § 9, of the Iowa Constitution, affords required protection, and provides a necessary flexibility.

The sentencing process must meet due process requirements. The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he or she may have no right to object to a particular result of the sentencing process. See *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393, 402 (1977) and citations; *Williams v. New York*, 337 U.S. 241, 252, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337, 1345, n. 18 (1949); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1694 (1948).

Although not identified by this court as a due process concept, we distilled the essence of required fundamental fairness in these circumstances when we said:

"A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play."
—*State v. Delano, supra,* 161 N.W.2d at 74

Formulation of standards to measure alleged due process violations in sentencing delays necessarily must await a case in which that issue is raised, briefed and argued. Obviously a prosecution intent to harass, oppress, or intentionally delay to obtain an unfair advantage may be a factor. See *Pollard, supra,* 352 U.S. at 361, 77 S.Ct. at 486, 1 L.Ed.2d at 399; *United States v. Marion, supra,* 404 U.S. at 325, 92 S.Ct. at 466, 30 L.Ed.2d at 481–482. Long delay itself has been held insufficient to violate due process. *Erbe v. State, supra,* 276 Md. at 560, 350 A.2d at 651. The burden to show prejudice from delay ordinarily falls on the convicted person. *Brady v. Superintendent Anne Arundel Co. Det. Ctr., supra,* 443 F.2d at 1311; see *Juarez-Casares v. United States, supra,* 496 F.2d at 192; *People v. Gann,* 259 Cal.App.2d 706, 716, 66 Cal.Rptr. 508, 514 (1968). Failure to request sentencing unquestionably will be a factor, at least as it relates to a claim of prejudice. See *Miller v. Aderhold, supra,* 288 U.S. at 210, 53 S.Ct. at 326, 77 L.Ed. at 705; *Welsh v. United States,* 348 F.2d 885, 887 (6th Cir. 1965).

As we find no error relating to the sole ground urged by defendant for reversal, we affirm.

AFFIRMED.