WIGGINTON, Judge.
Lee is making his second trip to this Court, appealing a sentence imposed after remand and arguing that the delay in re-sentencing him was so excessive and without benefit to any party that his due process/speedy trial rights were prejudiced to the extent that resentencing should be prohibited and he be released from incarceration.
By mandate issued August 19, 1981, this Court reversed appellant’s sentence for armed robbery and remanded to the trial court for resentencing. Lee v. State, 400 So.2d 1238 (Fla. 1st DCA 1981). During the appellate review, Lee was in custody serving his original sentence. No action was taken at the trial court level in response to this Court’s mandate.
On September 7,1982, Lee was placed on parole by the Department of Corrections under the original, now reversed, sentence. Parole was to expire September 7, 1984; however, on August 5, 1984, appellant was arrested for burglary of a structure. On December 14, 1984, he entered a no contest plea and his case was set for sentencing on March 15, 1985. A resentencing in the instant case was set for the same date. By March 14, 1985, appellant filed an objection *1203 to sentencing in the instant case, asserting the delay violated his due process and speedy trial rights. Three years and 209 days had elapsed from the date of this Court’s mandate to the scheduled date of resentencing, March 15, 1985.
The trial court rejected, as mere speculation, appellant’s argument of prejudice, based on the allegation that he would not have been on parole at the time of the later burglary but for the illegal sentence which had not been corrected. Appellant was sentenced to fifteen years in the Department of Corrections, and was awarded credit for 1,104 days served. We affirm.
Appellant’s theory is that the speedy trial doctrine should and does apply to excessive delays in resentencing such as he experienced here, citing Gable v. Massey, 566 F.2d 459 (5th Cir.1978) and application of the considerations of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). As acknowledged in Erbe v. State, 336 A.2d 129, 133 (Ct.Spec.App.1975), affirmed, 276 Md. 541, 350 A.2d 640 (1976) there are cases in other jurisdictions which conclude that the speedy trial guarantee attaches to the sentencing process, but like the Maryland court, we do not find their logic persuasive.
Appellee proclaims this to be merely a resentencing procedure which is not integrated with the speedy trial/Sixth Amendment concept and contends that there is nothing in the Florida speedy trial rule nor in the rationale of Barker v. Wingo, a speedy trial situation, that applies to a remand for resentencing and that there is no correlation between the necessity for a speedy trial of a criminal case on the merits where memories fade and evidence can be misplaced, and a mere sentencing procedure.[1]
Our research reveals no Florida cases on point and no final answer from the United States Supreme Court on the speedy trial/sentencing issue, other than an assumption, for purposes of argument, made in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) and Gable v. Massey, 566 F.2d 459 (5th Cir.1978), that sentencing is a part of trial under the Sixth Amendment. However, there does seem to be consensus and accord that due process considerations apply.
We do not agree with the posited academic implications that may be derived from Pollard and instead agree with the holdings and reasoning employed in State v. Drake, 259 N.W.2d 862 (Iowa 1977) and Erbe v. State. Both courts held that the Sixth Amendment right to speedy trial does not apply to the sentencing procedure and that delay in the imposition of sentence is to be tested by due process standards.
In Drake, a case factually similar to ours, the original conviction was reversed and remanded by the Iowa Supreme Court and after a 23-month delay in resentencing that court did not invalidate the sentencing judgment. The Drake court was careful not to infringe upon the constitutional protections of the convicted person relating to sentencing and resentencing.
We reaffirm the fundamental fairness concept of the due process clauses of the Fourteenth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution that afford both protection and flexibility to the convicted. As stated in Drake:
The sentencing process must meet due process requirements. The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he or she may have no right to object to a particular result of the sentencing process. (Cites omitted)
[[Image here]]
A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse *1204 of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play....
Obviously a prosecution intent to harass, oppress, or intentionally delay to obtain an unfair advantage may be a factor. (Cites omitted) ... Long delay itself has been held insufficient to violate due process .... The burden to show prejudice from delay ordinarily falls on the convicted person. (Cites omitted) Failure to request sentencing unquestionably will be a factor, at least as it relates to a claim of prejudice. (Cites omitted)
Drake at 867.[2]
We find the Erbe court similarly concerned about the necessity of balancing fairness and due process when it stated:
We see no violation of due process of law in the unique circumstances here existent. The delay in sentencing was due to administrative misadventure; it was not purposeful or oppressive. There was patently no deliberate attempt to hamper Erbe. Rather, there was inadvertent inaction. The fault was accidental in conception, venial in effect, and remedied as promptly as possible when known. The key is that had Erbe felt at any time truly aggrieved by the failure to impose sentence he need only have so indicated to his counsel, to the State or to the court.
At 137.
In claiming prejudice, appellant reasserts his argument that had he been resentenced properly in the first instance, he may have been placed on parole for a shorter period of time, and thus would never have committed the crime that brought him back into court. We agree with appellee that the argument is based on mere speculation of what the parole board might have done. This Court does not reverse on conjecture. Sullivan v. State, 303 So.2d 632 (Fla.1974).
The record reflects a lack of evidence of a purposeful or oppressive delay. In fact, throughout his argument before the sentencing judge, appellant’s defense attorney consistently referred to the delay as having been caused through “oversight” or “inadvertence.” There has been no showing of misconduct or oppression on the State’s part. Instead, all supposition points to administrative misadventure. We conclude that appellant is not entitled to the relief he seeks as he has failed to show that any delay was of such character that he was denied due process.
The sentence is affirmed.
BOOTH, C.J., and SHIVERS, J., concur.

. Under the balancing test of Barker v. Wingo, courts must accommodate the compelling concerns of orderly appellate review and a speedy trial. The factors to be considered are the lengths of delay, the extent to which respondents have asserted their speedy trial rights, the prejudice to respondents and the reason for the delay.

. In Howell v. State, 418 So.2d 1164, 1168 (Fla. 1st DCA 1982), which was a speedy trial case, the court recognized that an extremely long delay in speedy trial is "presumptively prejudicial." State v. Bonamy, 409 So.2d 518 (Fla. 5th DCA 1982). However, no court has extended Sixth Amendment rights to the resentencing procedure. State v. Drake and Erbe.