Hoyle Bruce BEDELL *v.* STATE of Arkansas

CR 76-77                                    541 S.W. 2d 297

Opinion delivered September 20, 1976

[Rehearing denied October 25, 1976.]

*Simpson & Riffel,* by: *Kirby Riffel,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is the second appeal in a prosecution for the offense of manufacturing marihuana. The salient facts were stated in the first opinion and need not be repeated. *Bedell* v. *State,* 257 Ark. 895, 521 S.W. 2d 200 (1975). Upon a second trial Bedell was again convicted and was sentenced to a five-year term and a $2,500 fine. Several points for reversal are argued.

The appellant is mistaken in his argument that the manufacture of a controlled substance for one's own use is not an offense. The personal-use exemption applies only to the preparation or compounding of such a substance. Ark. Stat. Ann. § 82-2601 (m) (Supp. 1975). Manufacture, however, includes production, which in turn includes plan-

ting, cultivating, and growing the substance. § 82-2601 (u). There is abundant proof that Bedell was growing marihuana on his farm. In fact, he so admitted on the witness stand.

There was no prejudicial error in the procedure by which the State introduced the marihuana plants into evidence. The State's expert witness, Manuel Holcomb, a chemist, identified the exhibits as marihuana. His qualifications as a chemist are not questioned. He testified that a chemical analysis is essential in the identification of marihuana. That testimony rebuts the appellant's argument, made without proof, that only a botanist should be permitted to identify the plant. We do not find Holcomb's analysis to have been deficient. He tested at least one of the plants that were taken from the field and visually checked other plants in the same bag. He also tested other specimens of marijuana that were discovered in Bedell's home. There was no defect in the important chain of custody; that is, from the officers' seizure of the plants in the fields to their delivery of the plants to Holcomb. It is true that the exhibits were not kept constantly under lock and key after their use as evidence at the first trial, but that was merely a circumstance to be considered by the jury in weighing the testimony. *Rogers v. State,* 258 Ark. 314, 524 S.W. 2d 227 (1975).

Our ruling upon the first appeal, that the prohibition against unreasonable searches and seizures does not extend to open fields and forested areas, has become the law of the case and will not be re-examined. The doctrine known as the law of the case applies to issues of constitutional law. *Feldman v. State Board of Law Examiners,* 256 Ark. 384, 507 S.W. 2d 508 (1974); *Miller Lbr. Co. v. Floyd,* 169 Ark. 473, 275 S.W. 741 (1925), affirmed, 273 U.S. 672 (1927). Hence it is immaterial that a federal trial court, after our decision upon the first appeal in this case, decided the point the other way. *United States ex rel. Gedko v. Heer,* 406 F. Supp. 609 (W.D. Wis. 1975). If the appellant thought our first decision to be wrong he had the opportunity to seek a review by the United States Supreme Court.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.