STATE of Iowa, Plaintiff-Appellee.

v.

Larry Reid BOOTHE, Defendant-Appellant.

No. 61871.

Court of Appeals of Iowa.

June 28, 1979.

Stephen P. Meyer of the Meyer Law Firm, Chariton, Iowa, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Iowa, and J. Susan Carney, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

CARTER, Judge.

Defendant appeals judgment of conviction for the offense of manufacturing or possessing with intent to manufacture a controlled substance, to wit: marijuana, in violation of section 204.401(1), The Code 1977.[1]

Evidence introduced at the trial showed that marijuana was found growing near defendant's residence, in a rack in defendant's possession, and hanging in a shed near defendant's residence. In his trial testimony, defendant admitted that it was he who was growing the marijuana. He claimed that this was being done entirely for his personal use. There was also testimony at the trial by an official of the Bureau of Narcotics and Drug Enforcement that the marijuana found at defendant's residence, both growing and harvested, was in an unrefined state which would require further processing in order to be consumed. Such processing would include cleaning, drying and separation into small particles. In this regard, defendant admitted in his trial testimony that he had constructed a screen for drying the tops of the marijuana plants subsequent to harvesting and prior to consuming the marijuana.

I. We first consider defendant's contention that the trial court erred in rejecting his interpretation that manufacture of or possession with intent to manufacture a controlled substance is not a criminal act if done by an individual for his own use. Defendant requested that the jury be so instructed, a request which was in pertinent part denied by the trial court. This contention of defendant is based upon the portion of the statutory definition of "manufacture" contained in section 204.101(15), The Code, that states, in part, that "this term [manufacture] does not include the preparation or compounding of a controlled substance by an individual for his own use."

Upon our reading of the statutory definition in its entirety, we are convinced that defendant's contention is unsound. The acts of "preparation" and "compounding" represent only two of several acts which constitute manufacturing under that definition. Other acts which constitute manufacturing include production, propagation, conversion, processing, packaging or repackaging, and labelling or relabelling of a controlled substance. If it had been the intention of the legislature that all acts within the statutory definition were to be excluded if done by an individual for his own use, it could easily have so provided by applying the proviso directly to the term "manufacturing" rather than to some but not all acts of manufacturing.

We find that the language which was employed suggests an intent to limit the application of the personal use proviso to acts of preparation or compounding of a controlled substance. This conclusion is strengthened by the fact that another proviso contained in the same definition pertaining to medical doctors and other persons or institutions licensed to distribute, dispense or conduct research relating to controlled substances is also applicable to some but not all acts of manufacturing. The interpretation which we adopt is in accord with that adopted by courts from other jurisdictions which have enacted the Uniform Controlled Substances Act of which section 204.101(15) is a part. *Bedell v. State*, 260 Ark. 401, 541 S.W.2d 297 (1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1552, 51 L.Ed.2d 775 (1977); *State v. Wiggins*, 33 N.C.App. 291, 294, 235 S.E.2d 265, 268–69 (1977).[2]

1. The conviction was of a single offense in violation of section 204.401(1) alleged to have been committed in alternative ways, *i. e.* by manufacturing a controlled substance *or* by possession of a controlled substance with intent to manufacture. No objection has been made by defendant to this procedure.

2. For a list of those jurisdictions adopting this Uniform Act, see Table, 1978 Cumulative Pocket Part Vol. 10A, Iowa Code Annot. at 65–66. This Uniform Act and the desirability for uniform interpretation thereof is discussed generally in *Cassady v. Wheeler*, 224 N.W.2d 649, 651–52 (Iowa 1974).

Giving the statutory definition its plain meaning, the trial court was correct in instructing the jury that the personal use exception to the criminal definition of manufacturing a controlled substance was applicable to acts of preparation and compounding. Such an instruction was necessary because some of the evidence against defendant related to preparation of the marijuana after harvesting. As to such activities the personal use exception was applicable. But with respect to the acts of planting, cultivating, growing or harvesting the marijuana,[3] the trial court properly refused to instruct that such acts were not manufacturing if done for defendant's own use.[4]

II. As an alternative argument, defendant asserts that if section 204.101(15) is interpreted as we have concluded it should be, its application to him violates equal protection of the law under both the Fourteenth Amendment to the Federal Constitution and Article 1, Section 6 of the Iowa Constitution. In support of this contention, he seeks to establish two separate instances of unreasonable classification.

Defendant's first claim of unreasonable classification is the distinction which the statutory scheme draws between (1) persons who "prepare" or "compound" for their own personal use, and (2) persons who produce, propagate, convert or process for their own personal use. Under the applicable law at the time of the present offense, offenders in the first category would be simple possessors under section 204.401(3), an indictable misdemeanor subject to six months in the county jail and a fine of $1,000. Any such jail sentence could be deferred or suspended under section 789A.1, The Code. In contrast, offenders in the second category are "manufacturers" and felons subject to mandatory imprisonment in the penitentia-ry for not to exceed five years, and a fine of not more than $1,000 under section 204.-401(1)(b) and section 789A.1. The defendant asserts that this classification is lacking in rational state interest and discriminates against all personal users who are manufacturers, but are not preparers or compounders.

■ Because the classification in question is not based upon a suspect criteria and does not infringe a fundamental right, the traditional test must be applied to determine defendant's equal protection claim. This test has been stated as follows:

> Unquestionably, classification must be based upon some apparent difference in situation or circumstance of the subjects placed within one class or the other which establishes the necessity or propriety of distinction between them. And discrimination is unreasonable only if the classification lacks rational relationship to a legitimate state purpose. *Chicago Title Insurance Company v. Huff,* 256 N.W.2d 17, 29 (Iowa 1978).

The classification "will be upheld if any state of facts reasonably can be conceived to justify it." *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973); *State v. Hall,* 227 N.W.2d 192, 194 (Iowa 1975).

■ In applying these principles to defendant's equal protection claims, we conclude that the classification is based upon different conduct. This is no less the case because the legislature chose to place several distinct acts within the definition of manufacturing and then subclassify those acts for certain purposes. The end result is classification based upon conduct deemed sufficiently different to justify the distinctive treatment which the law provides. As defendant himself concedes in his written ar-

---

3. These acts fall within the definition of "production" under section 204.101(23), The Code 1977, which, in turn, falls within the statutory definition of "manufacture" under section 204.-101(15).

4. In reaching this result we are cognizant of the fact that the state, in its argument, did not contest certain contentions of the defendant which we reject. We do not regard such action of the state as a confession of error, however, as it urges that defendant's conviction be affirmed on a somewhat different theory.

gument, "the legislature has obviously attempted to treat certain offenses much more seriously than others." Whether different conduct justifies criminal penalties of differing severity is traditionally a matter of legislative judgment which should not be limited by fixed standards. *See State v. Leins*, 234 N.W.2d 645, 647 (Iowa 1975); *State v. Vietor*, 208 N.W.2d 894, 898 (Iowa 1973) ("The legislature is in the exercise of its very proper power and duty in defining crime and prescribing the method of procedure for its punishment").

■ To the extent that we must search for "any state of facts" which can reasonably be conceived to justify the distinctive treatment imposed, we run the danger of defining the terms "preparation" and "compounding" in a case in which the extent of their definition is not really in issue. Bearing this circumstance in mind, we nonetheless have no trouble in identifying an adequate rationale for the statutory classification. A substance falling within the definition of a controlled substance may sometimes require further preparation or compounding in order to be ingested or consumed for personal use even though obtained from an independent source. Under such circumstances, if it were not for the proviso under consideration, possessors for personal use could also be punished as manufacturers if they prepared or compounded the substance for that purpose. This class of persons could reasonably be classified by the legislative body as subject to punishment only as simple possessors. Conversely, other acts within the definition of manufacturing could reasonably be classified as calling for more severe punishment. We find no constitutional infirmity in the challenged classification.

■ Defendant's other equal protection argument relates to the application of section 204.410, The Code. That section provides for a reduced penalty for the offenses of delivery or possession with intent to deliver a controlled substance if the state fails to establish intent to profit. No similar reduction in penalty is provided for the offenses of manufacturing a controlled substance or possession of a controlled substance with intent to manufacture where no intent to profit is shown. In this circumstance, as with the one involved in defendant's other equal protection argument, the legislature has attempted to treat different types of criminal conduct with differing severity. This is ordinarily permissible. Under the rational basis test, the legislature was free to view offenses involving manufacture of a controlled substance in certain circumstances as a greater vice than offenses involving possession or distribution of controlled substances. The challenged classification seeks in certain circumstances to impose heavier sanctions at the source of the problem than are imposed at a later stage in the scheme of distribution. We cannot say that such distinction bears no rational relationship to legitimate government interests. *Leins*, 234 N.W.2d at 647. We therefore reject defendant's second equal protection argument.

■ III. Next defendant asserts that section 204.401 is unconstitutional because it provides for cruel and unusual punishment contrary to the Eighth and Fourteenth Amendments to the Federal Constitution and Article 1, Section 17 of the Iowa Constitution. Defendant's argument in this regard is that the statutory sentence is disproportionate to the crime. We find no basis for distinguishing this claim from similar claims which have been rejected in *State v. Baumann*, 236 N.W.2d 361, 363 (Iowa 1975); *State v. Monaco*, 230 N.W.2d 485, 486 (Iowa 1975); *State v. Hall*, 227 N.W.2d 192, 194 (Iowa 1975). Defendant's contention is lacking in merit.

■ IV. Lastly, defendant asserts that the trial court erred in submitting that portion of the state's case which was based upon those acts discussed in division I of this opinion which would have involved preparation or compounding. It is argued that this involved all of the portion of the

charge dealing with possession with intent to manufacture a controlled substance. Defendant claims that as to this portion of the charge there is no evidence to show that such possession was other than for personal use. We need not decide this question. Because defendant admitted in his trial testimony to the act of growing marijuana which by statutory definition constitutes illegal manufacturing[5] and because the matter was submitted to the jury as a single offense with alternative means of committing it,[6] the claimed error, if it does exist, is harmless.

We have considered all issues presented and find no basis for reversal.

AFFIRMED.

**5.** See footnote 3, supra.

**6.** See footnote 1, supra.