STATE of Iowa, Appellee,

v.

Larry Reid BOOTHE, Appellant.

No. 61871.

Supreme Court of Iowa.

Oct. 17, 1979.

Stephen P. Meyer, of Meyer Law Firm, Chariton, for appellant.

Thomas J. Miller, Atty. Gen., and Lona J. Hansen, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK, and LARSON, JJ.

LeGRAND, Justice.

The defendant was convicted of violating section 204.401(1), The Code 1977, which makes it a crime to manufacture, or possess with intent to manufacture or deliver, a controlled substance (marijuana). The Court of Appeals affirmed his conviction and the sentence imposed thereon. We granted further review, and we now affirm the decision of the Court of Appeals.

Although admitting that he grew marijuana, defendant contends he cannot be convicted under the above statute because it was being grown entirely for his own use. He relies on the personal-use exception in the statute. He also asserts two of his constitutional rights were violated. We discuss these issues later.

I. Defendant's first argument depends upon our interpretation of section 204.-101(15), The Code 1977, which defines "manufacture" as follows:

"*Manufacture*" means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, *except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use* . . .. [Emphasis added].

Defendant leans heavily on the italicized portion of this statute, but his view of the exception there set out is contrary to the plain meaning of the law. The personal-use exception is limited to the "prepara-tion" or "compounding" of a controlled substance. The definition of "manufacture" is much broader. It includes, among other acts, the production, propagation, conversion, or processing of controlled substances. As to these, it is immaterial whether the finished product is for one's own use or for that of others. This is the result reached in *Bedell v. State*, 260 Ark. 401, 541 S.W.2d 297–98 (1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1552, 51 L.Ed.2d 775 (1977) and *State v. Wiggins*, 33 N.C.App. 291, 294, 235 S.E.2d 265, 268–69 (1977).

Defendant's insistance that *all* acts included within the statutory definition of "manufacture" are similarly protected by the personal-use exception is without merit.

II. Defendant claims he was denied equal protection under the Fourteenth Amendment to the Federal Constitution and Article I, Section 6 of the Iowa Constitution. He advances this thesis on two grounds.

First, he says it is unreasonable to give separate treatment to those who "prepare" or "compound" for their own use and those who "produce, propagate, convert, or process" for their own use. The distinction is significant. In the former classification, the offense is only an indictable misdemeanor under section 204.401(3). In the latter it is a felony punishable by a much more severe sentence (§ 204.401(1)(b)) and not subject to a deferred sentence under section 789A.1, The Code. Defendant claims this discriminates against those who *manufacture* for their own use in favor of those who *prepare* or *compound* for their own use.

The test in this case is whether the classification can be upheld on any "reasonable relationship to legitimate state goals." *Chicago Title Insurance Co. v. Huff*, 256 N.W.2d 17, 27 (Iowa 1977). We believe such a relationship may be found here. We cannot say the legislature acted unreasonably or capriciously in deciding some acts within the statutory definition in § 204.101(15) pose a more serious threat to society than others. It was a matter for

proper legislative decision to evaluate these risks and to determine whether those who grow or propagate the substance deserve sterner treatment than those who perform lesser acts to make it usable as a narcotic. We find no impermissible classification here.

Defendant also complains because he is not eligible for the reduced penalty under section 204.410, The Code. This section allows one convicted of delivery or possession with intent to deliver a controlled substance to be given a lesser penalty if the state cannot disprove the delivery was for accommodation only. *See State v. Stidolph*, 263 N.W.2d 737, 739 (Iowa 1978).

No such forbearance is allowed one convicted under section 204.401(1). What we have already said in this Division applies here as well. We decline to say the distinction in meting out punishment is without rational relationship to a legitimate state purpose.

III. Defendant's final attack raises objections concerning cruel and unusual punishment under the Eighth and Fourteenth Amendments to the Federal Constitution and Article I, Section 17 of the Iowa Constitution.

Defendant says the punishment is too severe for the crime. Ordinarily the extent of punishment is a legislative matter, subject to the constitutional prohibition against penalties which are cruel and unusual. We rejected a similar argument in *State v. Baumann*, 236 N.W.2d 361, 363 (Iowa 1975). We rely on that decision and the cases there cited in deciding the statute does not violate constitutional standards.

DECISION OF COURT OF APPEALS IS AFFIRMED.