**STATE of Iowa, Appellee,**

v.

**Russell Dean COBB, Appellant.**

No. 66348.

Supreme Court of Iowa.

Oct. 21, 1981.

C. A. Frerichs, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., and Thomas N. Martin, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

LeGRAND, Justice.

Upon defendant's plea of guilty, he was sentenced under section 902.9, The Code, and committed to the custody of the Department of Social Services to serve a term of not to exceed ten years for the crime of sexual abuse in the third degree committed in violation of section 709.4(4), The Code. He appealed, and we affirm. All statutory references are to the 1979 Code.

Defendant admitted having had sexual intercourse with his fifteen-year old step-daughter. His complaint on appeal is not with the plea, but with the sentence. In pronouncing judgment the trial court made the following statement:

> For the record, ... were it not for the mandatory sentence aspect in this case [§ 907.3, The Code] I would grant [probation] and I intend to write the Board of Parole with that indication and forward the letters I received in connection with this matter to a member of the Board of Parole that lives in this particular area.

The pertinent part of the statute to which the court referred, § 907.3, The Code, is as follows:

> Pursuant to section 901.5, the trial court may, upon a plea of guilty, ... exercise any of the options contained in subsections 1 and 2 of this section [permitting deferred judgment, deferred sentence, or suspended sentence]. However, this section shall not apply to a forcible felony....

Defendant insists the crime he committed is not a forcible felony and that the trial court erred in holding him ineligible for probation. Thus, the question to be answered is whether a violation of section 709.4(4), The Code, is a forcible felony.

The defendant stands convicted of the crime of third-degree sexual abuse. Section 702.11, The Code, includes sexual abuse as a forcible felony along with felonious assault, murder, kidnapping, robbery, arson in the first degree, and burglary in the first degree. Thus a literal interpretation of the statute leads to the inevitable conclusion

that defendant was guilty of a forcible felony and that probation was properly denied him. The defendant challenges this result, both on the basis of statutory construction and on constitutional grounds.

I. *Statutory Construction.*

The crime of sexual abuse is defined in section 709.1 as follows:

> Any sex act [as defined in section 702.17] between persons is sexual abuse by either of the participants when the act is performed with the other participant in any of the following circumstances:
>
> 1. Such act is done by force or against the will of the other. In any case where the consent or acquiescence of the other is procured by threats of violence toward any person, the act is done against the will of the other.
>
> 2. Such other participant is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.
>
> 3. Such other participant is a child [who for purposes of this chapter is a person under fourteen years of age. § 702.5, The Code].

It is conceded "sex act" includes sexual intercourse.

Sections 709.2 and 709.3 define sexual abuse in the first degree and in the second degree by referring to the general definition in section 709.1 and then adding circumstances which distinguish one degree of the crime from the other.

The legislature then created third degree sexual abuse under section 709.4, The Code, the statute under which defendant was charged. That section provides in part as follows:

> Any sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third degree by a person when the act is performed with the other participant in any of the following circumstances:
>
> 1. Such act is done by force or against the will of the other participant.

> 2. The other participant is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.
>
> 3. The other participant is a child.
>
> 4. The other participant is fourteen or fifteen years of age and the person is a member of the same household as the other participant, the person is related to the other participant by blood or affinity to the fourth degree, or the person is in a position of authority over the other participant and used this authority to coerce the other participant to submit.

It is undisputed that defendant's stepdaughter was a member of his household and was fifteen years old at the time of the offense. Factually the case falls within section 709.4(4). In 4 J. Yeager & R. Carlson, *Iowa Practice* § 210 (1979), the authors describe this section as follows:

> Initially it should be noted that § 709.4 does not establish a third degree of the offense defined in § 709.1. It defines third degree sexual abuse independently of that section. This was not so in the original bill, but § 709.4 has been amended so extensively that it only superficially resembles the original. As a result, § 709.4 appears not to be an offense which is included in § 709.1, since some facts must be proved to establish a violation of § 709.4 which are irrelevant to §§ 709.1–709.3.

The defendant points to this as evidence the legislature, in enacting section 709.4, was defining a new and separate crime not intended to be classified as a forcible felony along with sexual abuse as defined in section 709.1. We cannot agree.

We come face to face with several formidable obstacles in considering defendant's argument. As already noted, section 702.11 defines *any* sexual abuse as a forcible felony. Then, as to defendant's theory that "sexual abuse" in section 709.4 does not mean the same as "sexual abuse in" section 709.1, we are confronted with section 702.1, The Code, which provides:

Wherever a term, word or phrase is defined in the criminal code, such meaning shall be given wherever it appears in the Code, unless it is being specially defined for a special purpose.

One of the cardinal rules of statutory construction is that the legislature is its own lexicographer. The language used means what the legislature says it means. *State v. Thomas*, 275 N.W.2d 422, 423 (Iowa 1979). We are unable to escape the clear and unequivocal language of these statutes. We point out, too, that in *State v. Broten*, 295 N.W.2d 453, 454 (Iowa 1980) we said sexual abuse committed contrary to section 709.4(4), The Code, is a forcible felony, although the precise issue considered here was not raised in that case.

■ We hold the crime defined in section 709.4(4), The Code, is made a forcible felony by the terms of section 702.11, The Code. Defendant is therefore not eligible for probation under section 907.3, The Code, unless defendant's constitutional attack on the statute is valid, a matter we now consider.

## II. *The Constitutional Argument.*

The defendant relies on the equal protection clause of the Federal Constitution (fourteenth amendment) and on art. I, § 6 of the Iowa Constitution. These afford substantially the same rights. *City of Waterloo v. Selden*, 251 N.W.2d 506, 509 (Iowa 1977).

Defendant's argument is that sexual abuse as defined in section 709.4(4) cannot reasonably be classified as a forcible felony. He says murderers, robbers, kidnappers, and those guilty of felonious assault—the others whose crimes are made forcible felonies—are a class of criminals entirely separate from defendant here. He argues it is illogical and irrational to put defendant in that group and that it serves no societal purpose to do so. He claims, too, that his crime has none of the elements of those other crimes defined as forcible felonies. These arguments, with which many might agree, are directed against the wisdom of this legislation and the public policy behind it. We do not pass on these questions.

*Selden*, 251 N.W.2d at 508. They do not raise valid constitutional questions unless the statute lacks rational relationship to a legitimate state interest.

■■ This is not a case involving a suspect classification and our review is on the traditional rational basis test rather than the more stringent "close scrutiny" examination. *Rudolph v. Iowa Methodist Medical Center*, 293 N.W.2d 550, 557 (Iowa 1980); *MRM, Inc. v. City of Davenport*, 290 N.W.2d 338, 340–42 (Iowa 1980). The party challenging a statute on equal protection grounds has a heavy burden under the traditional standard. *Rudolph*, 293 N.W.2d at 559. We conclude defendant did not meet that burden here.

We have said the state has a vital interest in the sex activities of its young citizens. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). This same state interest is evident in section 709.1(3), which makes it a forcible felony to commit sexual abuse upon a child, and in section 709.1(2), making it a forcible felony to commit sexual abuse upon one suffering from "a mental defect or incapacity which precludes giving consent or lacks the mental capacity to know the right and wrong of conduct in sexual matters."

Age has traditionally been a factor in defining sex crimes. Certain relationships have also been considered significant. *cf.* § 726.2, The Code, (making sexual intercourse between those related by blood or affinity a crime). The present sexual abuse chapter, which became effective on January 1, 1978, as part of our criminal code revision, is simply a new application of these old principles. They are matters in which the state has always had a vital interest.

■ Thus in defining sexual abuse, the legislature, not only in section 709.4(4) but throughout the chapter, regarded sexual abuse crimes in certain non-violent settings to be as culpable as those in which there *is* violence or threat of violence. We cannot say this is an irrational classification. Certainly the legislature could reasonably say that probation should not be given to one taking base advantage of a young person

who is entitled, as defendant's stepdaughter was, to protection rather than exploitation. That is all the statute does. We do not decide if this is a good law or a bad one. Punishment is for the legislature to fix. *State v. Boothe*, 284 N.W.2d 206, 209 (Iowa 1979). We say only that there is a rational basis for the classification.

We find no reversible error and the judgment is accordingly affirmed.

AFFIRMED.