**STATE of Iowa, Plaintiff-Appellee,**

v.

**Lawrence D. LEFFEL,
Defendant-Appellant.**

**No. 68940.**

Court of Appeals of Iowa.

Sept. 27, 1983.

Michael R. Brown, Fairfield, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Joseph P. Weeg, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL and HAYDEN, JJ.

DONIELSON, Judge.

Defendant was convicted of sexual abuse in the third degree, a violation of Iowa Code § 709.4. We affirm.

The defendant, a twenty-seven-year-old male, befriended Kelly, the fourteen-year-

old girl involved in this case, while painting the house shared by her and her mother. The friendship eventually grew into a more intimate relationship resulting in the conception of a child approximately one year later. Although the defendant may not have instigated the relationship, he did nothing to discourage it, even after communications from the Department of Social Services and the County Attorney's office.

The defendant raises two issues on this appeal: (1) whether the trial court erred in not granting defendant's motion for mistrial when statements were made pertaining to defendant's marriage; and (2) whether defendant was deprived of due process and equal protection of the law by the imposition of a forcible felony sentence when in fact no force occurred in the commission of the sexual act.

## I.

■ The testimony which resulted in defendant's motion for mistrial came during the county attorney's direct examination of Kelly. The following colloquy transpired:

Q. [county attorney] At any time during May, June, July, or August of 1981, did you regard yourself as living with [Defendant] in the capacity of husband and wife? A. No.

Q. Kelly, you could not at that time, could you? A. No, because I was living with my mom.

Q. Kelly, at that time you could not be [Defendant's] wife, could you? A. No.

Q. Why was that? A. Because my mom wouldn't let me marry him.

Q. Was there any other reason? A. Because he was married.

The defendant maintains that the State's inquiry into his marital status was irrelevant, immaterial, and highly prejudicial. He argues that the defense that he and Kelly were cohabiting was eliminated when the existence of his marriage was disclosed.

Defendant's claim that his marital status was irrelevant raises a question regarding the statutory construction of Iowa Code section 709.4. That section provides:

Any sex act between persons who are not at the time <u>cohabiting as husband and wife</u> is sexual abuse in the third degree by a person when the act is performed with the other participant in any of the following circumstances:

\* \* \* \* \* \*

5. The person is six or more years older than the other participant, and that other participant is fourteen or fifteen years of age. (Emphasis added).

The underlined language is susceptible to two interpretations. We need not decide which one is correct, however, since under either interpretation, the trial court did not err in overruling defendant's motion for mistrial.

The first way to interpret the "cohabiting" language would be to hold that defendant and the victim would have to be married to each other in order for defendant to avoid a sexual abuse conviction under the "cohabiting" exception; in other words, the only way one could "cohabit as husband and wife" with another is to be married to that other person. Under this interpretation, defendant's marital status would have been highly relevant since it is not disputed that defendant and Kelly were not married at any relevant time.

The alternative way of interpreting the statutory language would be to hold that defendant could avoid conviction if he and the "victim" cohabited as though they were married but were not in fact necessarily married. Under this construction, defendant would be correct in saying that his marital status was irrelevant. We do not believe, however, that defendant was prejudiced by the admission of the challenged testimony. The record indicates many references were made during trial to the fact that defendant was married and that no objection was raised by defendant at those times. Under these circumstances, the challenged testimony was merely cumulative and had no prejudicial effect. *See State v. Johnson,* 183 N.W.2d 194, 198 (Iowa 1971).

Thus, regardless of which interpretation of § 709.4 is correct, the trial court did not err in overruling defendant's motion for mistrial.

## II.

Defendant also claims he was denied due process and equal protection of the law because Iowa Code section 709.4(5) was classified as a forcible felony. Both of these constitutional contentions are without merit.

 The legislation does not violate defendant's constitutional right of substantive due process. The defendant himself acknowledges in his written argument that the legislature has a legitimate right to protect the young people of this state from sexual exploitation.

Defendant, however, argues that the violation of substantive due process is present because a nineteen-year-old who has sexual contact with the same fourteen-year-old and employs force would be charged with a crime that allows eligibility for a deferred judgment, deferred sentence, or a suspended sentence.

This argument is simply untrue for section 709.4(1) makes it a forcible felony to have sexual contact by force or against the will of the other participant no matter what the age of either participant.

The nineteen-year-old in the defendant's example would not be eligible for deferred judgment, deferred sentence, or a suspended sentence. Iowa Code section 907.3, which provides for the lesser sentences, specifically excludes all forcible felonies. Forcible felony is defined in section 702.11 and includes sexual abuse. Therefore, any person who violates any of the provisions of section 709.4 is excluded from eligibility for a deferred sentence.

 The defendant also argues that Iowa Code section 709.4 misclassifies his act as a forcible felony because no force or violence was employed in his act at all. Therefore he claims the classification that treats non-violent offenders the same as violent offenders is irrational and denies him equal protection of the law.

The Iowa Supreme Court in *State v. Cobb,* 311 N.W.2d 64, 67 (Iowa 1981), held:

Thus in defining sexual abuse, the legislature, not only in section 709.4(4) but throughout the chapter, regarded sexual abuse crimes in certain non-violent settings to be as culpable as those in which there is violence or threat of violence. We cannot say this is an irrational classification.

Whether this is a good law or a bad one is not for this court to decide. *Id.* at 68. Punishment is for the legislature to fix. *State v. Boothe,* 284 N.W.2d 206, 209 (Iowa 1979).

We find no reversible error and the judgment is accordingly affirmed.

AFFIRMED.

SCHLEGEL and SACKETT, JJ., take no part.