**Bobby Jack FOWLER, Petitioner-Appellant,**

v.

**STATE of Iowa, Respondent-Appellee.**

No. 85–540.

Court of Appeals of Iowa.

Dec. 18, 1985.

Stephen A. Richardson, Waterloo, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and Richard H. Lytle, Co. Atty., for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT.

OXBERGER, Chief Judge.

The constitutionality of the arson statute is attacked by the appellant, who contends the application of the Code to him violates his right to equal protection of the laws.

The trial court evaluated the statute involved and determined it does not violate appellant's constitutional rights. We affirm.

The appellant, Bobby Jack Fowler, was charged with arson in the first degree after he threw gasoline on a neighbor's home and person on July 30, 1983. He had a lighter in his possession and threatened to set the house on fire. Fowler did not use the lighter, and did not set anything on fire. Pursuant to a plea bargaining agreement, he pleaded guilty to the lesser included offense of arson in the second degree, in violation of sections 712.1 and 712.3 of the Code.

In his application for postconviction relief, appellant claimed the statute provided for unequal protection of the law. Arson is defined in the Code as:

> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property is actually destroyed or damaged.

Iowa Code § 712.1 (1983). Arson in the second degree is further defined at section 712.3 of the Code:

> Arson which is not arson in the first degree is arson in the second degree when the property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, is a building or structure, or real property of any kind, or standing crops, or is personal property the value of which exceeds five hundred dollars. Arson in the second degree is class "C" felony.

Fowler's claim is that basing a conviction of arson upon the factual situation where an attempt is made to set fire as described in the Code, but where no fire is actually set, is improper because it lumps together conduct which is arson with that which is, at the most, attempted arson. This, he claims, provides for unequal protection of the law.

■ We review the facts of the case by looking at the totality of the circumstances since appellant has raised a constitutional issue. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980).

■ Our first duty is to determine the standard to be applied in reviewing the statute. Strict scrutiny is applied when the statute in question contains a suspect classification or impinges upon a fundamental constitutional right. *Shapiro v. Thompson*, 394 U.S. 618, 634, 89 S.Ct. 1322, 1331, 22 L.Ed.2d 600, 615 (1968). If subject to strict scrutiny, the law will be invalidated unless it is necessary to promote a compelling government interest. *Id.* Heightened scrutiny occurs when there is differential treatment of a sensitive class or important individual interests are at stake. *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397, 407 (1977). The legislation must serve important governmental objectives and be substantially related to the goal. *Id.* Finally, if such classes or rights are not involved, then the rational basis test is used, where the legislation is upheld if the classification has a reasonable basis and is rationally related to a legitimate state goal. *City of Charlotte v. Local 660, International Association of Firefighters*, 426 U.S. 283, 286–87, 96 S.Ct. 2036, 2038–39, 48 L.Ed.2d 636, 640–41 (1976); *State v. Cobb*, 311 N.W.2d 64, 67 (Iowa 1981).

■ The court in *State v. Wehde*, 258 N.W.2d 347, 352 (Iowa 1977) has stated, "a statute is not subject to strict equal protection scrutiny merely because its violation threatens potential criminal sanctions." The appellant contends this decision should be interpreted narrowly, and that strict scrutiny applies here because appellant's fundamental right to travel is threatened by his conviction and because his fundamental right of physical liberty is also endangered. While appellant tries to distinguish between the threat of criminal sanctions and the rights to travel and of liberty, we find this to be a distinction without a difference. Each time criminal sanctions

are threatened, the right to travel and of liberty are also threatened. We find the rational basis analysis is the appropriate test to use.

■ Appellant properly points out that there is a strong presumption of constitutionality of a statute, and the individual challenging it on this basis must negate every reasonable basis upon which the statute may be sustained. *State v. Kramer,* 235 N.W.2d 114, 116 (Iowa 1975). The legislature is given wide discretion in defining and classifying criminal offenses in Iowa. *State v. Robbins,* 257 N.W.2d 63, 67 (Iowa 1977).

■ We agree with the State that the appellant here has made no assertion that the Code section operates unequally among those to whom it applies, and instead is contending certain conduct should not be included in the statute. We further agree with the State that while the difference between actually burning a building and threatening to do so results in different damages and costs, the potential danger to the State and its citizens is the same. The supreme court has upheld the burglary statute as not violating due process although it made a person as culpable for a bungled robbery as a successful one. *State v. Pierce,* 287 N.W.2d 570, 573 (Iowa 1980). We find the arson statute is reasonably related to its legitimate goal of protecting the citizens of the State from the extreme dangers to life and property threatened by arson. We affirm the trial court.

. AFFIRMED.