STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel F. MAUL, Defendant-Appellant.

Court of Appeals

*No. 88-2329-CR. Submitted on briefs May 16, 1989.—Decided June 13, 1989.*

(Also reported in 444 N.W.2d 430.)

For defendant-appellant there was a brief submitted by *Gordon A. Borman* of Milwaukee.

For plaintiff-respondent there was a brief submitted by *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Daniel F. Maul appeals a judgment convicting him of manufacturing marijuana in violation

of sec. 161.41(1)(b), Stats. Maul asserts that the trial court should have submitted to the jury the pattern jury instruction, Wis J I—Criminal 6021 (1985), which instructs the jury that the manufacture of a controlled substance must be for use by individuals other than the defendant. In other words, the issue is whether sec. 161.01(13), which defines "manufacture," recognizes a personal use exception, imposing on the state the burden of proving that the defendant's manufacture of a controlled substance was not for his or her personal use. We conclude that under the definition of manufacture in sec. 161.01(13), the personal use exception applies only to the preparation or compounding of a controlled substance. Because Maul's activity of growing marijuana was neither preparation nor compounding, his conviction for manufacturing marijuana is affirmed.

The facts are undisputed. A jury found Maul guilty of manufacturing a controlled substance, growing marijuana. At the jury instruction conference, Maul requested the trial court read Wis J I—Criminal 6021 to the jury. The relevant part of this instruction requires "use by others" as an element of the offense. In effect, the standard instruction assumes it is a defense that the manufacture of the controlled substance for his or her own personal use is not in violation of manufacturing a controlled substance. The state objected to Maul's request, arguing that manufacture for use by others did not have to be found once the state proved that Maul knowingly grew marijuana. The trial court refused to submit the pattern Wis J I—Criminal 6021 and instead accepted the state's modified version of the instruction, which omitted the personal use exception. The jury found Maul guilty, and he appeals his conviction.

The construction of a statute is a question of law that this court resolves without deference to the trial

court's decision. *State v. Clausen,* 105 Wis. 2d 231, 243, 313 N.W.2d 819, 825 (1982). If the statutory language is unambiguous, we are restricted to the statute's plain meaning. *State v. Michels,* 141 Wis. 2d 81, 93, 414 N.W.2d 311, 315 (Ct. App. 1987).

Maul was convicted of violating sec. 161.41, which prohibits the manufacture or delivery of a controlled substance. Section 161.01(13) defines the term "manufacture" as:

> (13) "Manufacture" means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, *except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use* or the preparation, compounding, packaging or labeling of a controlled substance:
>
> (a) By a practitioner as an incident to his administering or dispensing of a controlled substance in the course of his professional practice; or
>
> (b) By a practitioner, or by his authorized agent under his supervision, for the purpose of, or as an incident to, research, teaching or chemical analysis and not for sale. (Emphasis supplied.)

The "production" of a controlled substance is defined by sec. 161.01(20) as including planting, cultivation, growing or harvesting of a controlled substance.

Maul contends that anyone who produces or grows marijuana for personal use cannot be found guilty of manufacturing marijuana. We disagree. The plain lan-

guage of sec. 161.01(13) limits the application of the personal use exception to the preparation or compounding of a controlled substance.

Under the definition of manufacture, preparation and compounding represent only two of several acts that constitute manufacturing. In addition to preparation and compounding, the term "manufacture" includes production, propagation, conversion, and processing. If the legislature had intended that all acts constituting manufacturing were to be excluded if done by an individual for personal use, it could do so by applying the personal use exception to all acts of manufacturing. Instead, the personal use exception is confined only to two of the enumerated activities, preparation and compounding, neither of which include the growing or producing of marijuana. Consequently, the legislature's exclusion of the other methods of manufacturing from the personal use exception indicates its intent that the personal use exception is not extended to these other methods of manufacturing.

Chapter 161 is based upon the Uniform Controlled Substances Act. This Act developed from the federal enactment of the Controlled Substances Act, 21 U.S.C.A. sec. 801 *et seq.* (West 1981). *See State v. Hecht,* 116 Wis. 2d 605, 615–16, 342 N.W.2d 721, 727 (1984). Our statutory interpretation is consistent with that adopted by other jurisdictions interpreting the Uniform Controlled Substances Act. These jurisdictions have held that the personal use exception under manufacturing does not apply to one engaged in the production, growing, planting, cultivating, or harvesting a controlled substance. *See Bedell v. State,* 541 S.W.2d 297, 297–98 (Ark. 1976), *cert. denied,* 430 U.S. 931 (1977); *State v. Boothe,* 284 N.W.2d 206, 208, *aff'd on further review,* 285 N.W.2d 760 (Iowa 1979); *People v. Pearson,* 403

N.W.2d 498, 499–500 (Mich. App. 1987); *State v. Netzer,* 579 S.W.2d 170, 174 (Mo. App. 1979); *State v. Underwood,* 281 S.E.2d 491, 493–94 (W. Va. 1981).

For example, the Iowa Supreme Court interpreted an identical statutory definition[1] of manufacturing a controlled substance and held that the personal use exception is limited to the preparation or compounding of a controlled substance. *Boothe,* 284 N.W.2d at 208. The Iowa court reasoned that: "The definition of 'manufacture' is much broader. It includes among other acts, the production, propagation, conversion or processing of controlled substances. As to these, it is immaterial whether the finished product is for one's own use or for that of others." *Id.* We agree.

The trial court's ruling that there is no personal use exception to the charge of growing marijuana is consistent with the plain language of the statute and with other jurisdictions that have considered this similar issue. Therefore, the trial court correctly refused to submit the pattern instruction, Wis J I—Criminal 6021. The judgment of conviction is affirmed.

*By the Court.*—Judgment affirmed.

---

[1] The relevant Iowa statute is Iowa Code sec. 204.101(15) (1977).