**STATE of Iowa, Appellee,**

v.

**Brian Joseph LANGE, Appellant.**

**No. 93–1350.**

Court of Appeals of Iowa.

Dec. 14, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kimberly Griffith, Asst. County Atty., for appellee.

Considered by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HAYDEN, Presiding Judge.

On May 5, 1991, the State charged Brian Lange with manufacturing marijuana. The charges were based on three to five marijuana plants found by police at Lange's home. Lange admitted the plants were his but claimed they were for personal use.

On October 21, 1991, the State charged Lange with failure to affix a drug tax stamp. On October 30, 1991, the State filed a motion to consolidate the two charges because they arose from the same incident. Lange filed a resistance, and the court denied the motion.

On January 8, 1992, the manufacturing charge proceeded to a bench trial on a stipulated record. The court also agreed to allow the parties to submit written arguments. Defense counsel had requested to file written arguments "for the purpose of preserving several issues on appeal." Lange filed a brief on January 17, 1992, raising due process, equal protection, and cruel and unusual punishment challenges. The trial court found Lange guilty as charged on January

22, 1992. The court also denied the equal protection challenge after mentioning it probably should have been raised in a motion to dismiss.

On January 24, 1992, Lange moved to dismiss the drug tax stamp charges based on double jeopardy and prosecutorial delay. The trial court granted the motion on double jeopardy grounds. The State appealed, and the supreme court reversed and remanded the case for trial. *State v. Lange*, 495 N.W.2d 105, 108 (Iowa 1992).

Sentencing on the manufacturing charge was set for March 12, 1992. The trial court granted the State's motions to continue the sentencing hearing until resolution of the drug tax stamp count over Lange's objections. At one point the trial court released Lange from intensive pretrial supervision on Lange's motion.

Lange filed a motion to dismiss the manufacturing case on March 16, 1993, alleging the delay in sentencing denied him due process. The trial court denied the motion. The sentencing hearing was held on August 16, 1993. The trial court imposed a sentence of up to five years imprisonment. The court then suspended the sentence and placed Lange on probation. The court ordered the sentence to run concurrently with the sentence on the tax stamp charge.

Lange appeals. He raises two issues on appeal. First, he contends the failure of Iowa Code section 204.401(1) (1991) to include marijuana in the statute's exception for personal use denies him equal protection. Second, he argues the delay in sentencing denied him his right to due process. We will discuss each issue in turn.

### I. *Equal Protection.*

■ Lange claims there is no rational basis for allowing a personal use exception for drugs such as cocaine while not allowing such an exception for marijuana. When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234

N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

Lange raises the same issue disposed of in *State v. Boothe*, 284 N.W.2d 206 (Iowa 1979). *Boothe* explicitly rejected defendant's claim the statutory classifications of the Iowa Code impermissibly discriminate against those who manufactured controlled substances for their own use in favor of those who prepared or compounded controlled substances for their own use. *Id.* at 208. The *Boothe* court held:

It was a matter for proper legislative decision to evaluate these risks and to determine whether those who grow or propagate the substance deserve sterner treatment than those who perform lesser acts to make it usable as a narcotic. We find no impermissible classification here.

*Id.* at 208–09.

Lange is apparently inviting this court to overturn *State v. Boothe*. We respectfully decline defendant's invitation to do so. The ruling of the trial court on this issue is affirmed.

### II. *Due Process.*

■ Second, Lange contends he was denied his right to due process based on a twenty-month delay before sentencing. Again, because defendant is alleging error involving a constitutional right, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart*, 234 N.W.2d at 658; *State v. Jeffries*, 417 N.W.2d at 239.

Certainly, the sentencing process must meet due process requirements. *State v. Drake*, 259 N.W.2d 862, 867 (Iowa 1977). However, "[l]ong delay itself has been held insufficient to violate due process." *Id.* (citation omitted). Furthermore,

[a] judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

*Id.* (quoting *State v. Delano,* 161 N.W.2d 66, 74 (Iowa 1968)).

None of these factors are present here. The primary delay in this case relates to the State's successful appeal to our supreme court on the drug tax stamp issue. *See State v. Lange,* 495 N.W.2d 105 (Iowa 1992). This appeal came about because Lange resisted the State's motion to consolidate the tax stamp charge with the manufacturing charge and persuaded the trial court (erroneously) to agree with him. *Id.* at 108. This record fully supports the trial court's finding there was no due process violation because the delays were attributable to legal matters "properly pursued by both parties."

Judgment of the trial court affirmed.

**AFFIRMED.**