# IN THE COURT OF APPEALS OF IOWA

No. 17-1418
Filed November 7, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHANCE JACOB WETTER,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, John D. Ackerman,

Judge.

Chance Wetter appeals his conviction, following a bench trial, of third-

degree sexual abuse. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

In 2015, S.L.R., a minor, lived with her mother, L.R., in a two-bedroom home. L.R. paid for the utilities and groceries for the home. In June of that year, Chance Wetter was incarcerated. S.L.R. sent Wetter a letter on June 24, offering him a "place to stay" upon his release from jail. Wetter was released from jail in mid-July. According to S.L.R.'s testimony, Wetter moved into the home in late July or early August; Wetter kept personal belongings in the home, did his laundry there, ate there, and received mail there; and Wetter and S.L.R. shared a bedroom. S.L.R. testified Wetter lived in the home "about three months, and then he found a place." However, when Wetter obtained new employment on August 17, he provided a different address to the employer. In December, when law enforcement was searching for Wetter, he was located at the address he previously provided to his employer. According to L.R.'s testimony, Wetter never lived in her home, he did not have a key to the home, and he did not keep any personal belongings there. Wetter's mother and step-mother both testified to their belief that Wetter stayed with S.L.R. upon his release from jail.

Wetter and S.L.R. conceived a child on or about September 1. By November, S.L.R. did not "really hang out with [Wetter] too much" and she reported she did not know him very well. S.L.R. gave birth to the child in May 2016. Wetter and S.L.R. have never been married, nor have they ever held themselves out to be. Following the child's birth, Wetter was charged by trial information with sexual abuse in the third degree.[1] The matter proceeded to a bench trial. At the close of

---

[1] The amended information alleged the commission of the crime occurred between August 18 and September 15, 2015.

the State's evidence, Wetter moved for judgment of acquittal, arguing he and S.L.R. lived together at the time of the sex act. The court denied the motion. After trial, Wetter filed a written motion for judgment of acquittal, arguing the State failed to meet its burden to show he and S.L.R. were not cohabitating as husband and wife at the time the sex act occurred. *See* Iowa Code § 709.4(1)(b) (2015). The district court rejected the argument and entered a verdict finding Wetter guilty as charged. Wetter appealed following the imposition of sentence.

On appeal, Wetter argues the district court misapplied the law in denying his motion for judgment of acquittal[2] at the close of evidence when it concluded there was sufficient evidence that he and S.L.R. were not cohabiting as husband and wife at the time of the underlying sex act.

Appellate review of issues of statutory interpretation and sufficiency-of-the-evidence challenges is for correction of errors at law. *State v. Watkins*, 914 N.W.2d 827, 837 (Iowa 2018) (statutory interpretation); *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018) (sufficiency of the evidence). In assessing the sufficiency of the evidence, courts view "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if

---

[2] Wetter also briefly discusses the court's denial of his post-trial motion in arrest of judgment in which he simply "renew[ed] the arguments proffered in his Motion for a Judgment of Acquittal by incorporating them . . . by reference." The substance of the motion for judgment of acquittal concerned the sufficiency of the evidence. "A motion in arrest of judgment may not be used to challenge the sufficiency of evidence." *State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981).

substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational [factfinder] that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might support a different conclusion; the only question is whether the evidence supports the finding actually made. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the [factfinder]." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

Wetter was convicted of sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(3)(d), the elements of which include: (1) a sex act occurred between two persons, (2) the persons were not cohabiting as husband and wife at the time of the sex act, (3) the victim is fourteen or fifteen years of age, and (4) the perpetrator is four or more years older than the victim. Wetter only challenges the sufficiency of the evidence on the second element. He argues the participants to the sex act do not have to be married in order to be considered "cohabiting as husband and wife" within the meaning of the statute. Wetter points to *State v. Kellogg* in support of his position. *See generally* 542 N.W.2d 514 (Iowa 1996). In *Kellogg*, the supreme court interpreted the meaning of "family or household members" under Iowa Code section 236.2(2)(a), which defines

domestic abuse. *See id.* at 516. The term's specific definition included "persons cohabiting." *Id.*; *see also* Iowa Code § 232.2(4). The court approved consideration of six nonexclusive factors in determining whether persons were "cohabiting" within the meaning of chapter 236:

> 1. Sexual relations between the parties while sharing the same living quarters.
> 2. Sharing of income or expenses.
> 3. Joint use or ownership of property.
> 4. Whether the parties hold themselves out as husband and wife.
> 5. The continuity of the relationship.
> 6. The length of the relationship.

*Kellogg*, 542 N.W.2d at 518.

Wetter requests us to consider these factors in interpreting section 709.4(1)(b) and deciding whether the evidence was sufficient to show he and S.L.R. were not cohabiting as husband and wife at the time of the sex act.

The phrase "cohabiting as husband and wife" in section 709.4(1)(b) is susceptible to two interpretations: (1) the defendant and victim were in fact married to each other at the time of the sex act and were living together or (2) the defendant and victim "cohabited as though they were married but were not in fact necessarily married" at the time of the sex act. *State v. Leffel*, 340 N.W.2d 787, 788 (Iowa Ct. App. 1983); *cf. In re Estate of Boyington*, 137 N.W. 949, 951 (Iowa 1912) ("The term 'cohabiting as husband and wife' is ambiguous. It may mean cohabitation under the assumption of the relation of husband and wife, or it may as well mean, without regard to any such actual relation, in the manner of cohabitation as between husband and wife.").

Upon the evidence presented in this case, we find it unnecessary to decide which interpretation is the correct one. Viewing the evidence in the light most favorable to the State, the evidence was sufficient to support a guilty verdict under either alternative. It is undisputed that the evidence was sufficient to support a conviction under the first alternative. Granting Wetter's request that we consider the *Kellogg* factors in conjunction with an interpretation akin to the second alternative, the evidence is still sufficient. Even assuming they shared the same living quarters and acknowledging they engaged in sexual relations, there was no sharing of income or expenses or joint ownership of the home or other property. L.R. owned the residence and covered all of the associated expenses. According to her testimony, she was never under the belief that Wetter was even living there. Furthermore, the evidence is undisputed that Wetter and S.L.R. never held themselves out as husband and wife. Mere months after the child was conceived, S.L.R. reported she did not "really hang out with [Wetter] too much" and she did not know him very well. S.L.R.'s testimony that Wetter lived with her for "about three months, and then he found a place," also undercuts Wetter's position on the continuity and duration of the relationship considerations. The evidence also suggests Wetter obtained another residence within weeks of the time he stayed with S.L.R. The evidence presented shows the arrangement amounted to nothing more than what S.L.R. initially offered in her June 2015 letter, a "place to stay" upon his release from jail. Regardless of whether marriage is required under the statute, the evidence was sufficient to show Wetter and S.L.R. were not cohabiting as husband and wife at the time the sex act occurred. Even if legal marriage is not required, they were not living in the manner of a husband and wife.

We affirm Wetter's conviction of sexual abuse in the third degree.

**AFFIRMED.**